IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ESTATE OF DANIEL HAMBRICK, ex rel VICKIE HAMBRICK, | )<br>)<br>) Civil Action No: 3:19-cv-216 |
| *Plaintiff*, | )<br>) |
| v. | ) Judge Crenshaw<br>) |
| METROPOLITAN GOVERNMENT OF NASHVILLE-DAVIDSON COUNTY, TENNESSEE, | )<br>) Magistrate Judge Holmes<br>)<br>) |
| And | ) JURY DEMAND<br>) |
| ANDREW DELKE | )<br>) |
| *Defendants*. | ) |

---

**UNOPPOSED MOTION TO CLARIFY THE COURT'S ORDER
ON THE STAY OF PROCEEDINGS**

---

The Plaintiff requests that the Court clarify the scope of the stay in this matter (ECF 20). After a Rule 26 conference, the parties had agreed to limited discovery proceeding against Metro as part of an agreement for Plaintiff to not oppose a stay of the proceeding as to Officer Delke. In accordance with that agreement, the parties submitted a proposed case management order (ECF 19, Proposed Case Management Order) and Officer Delke filed his unopposed motion to stay the proceedings "as to him." (ECF 17, Delke Motion to Stay). Judge Crenshaw granted Officer Delke's motion, noting that the motion was unopposed and ruling that "this civil action is stayed during the pendency of Delke's criminal prosecution…" (ECF 20, Order, at 2-3). On May 22, 2019, Magistrate Judge Holmes issued an order interpreting ECF 20 as staying "these entire proceedings," and declining to enter the proposed case management order on that basis. (ECF 21, Order).

1

Because Magistrate Judge Holmes has interpreted the Court's order to have granted more relief than Delke's motion sought, and because Plaintiff would have opposed the motion if Delke had sought a global stay, Plaintiff requests further clarification of the scope of the stay and its implications for the parties' proposed case management order.

### A. Procedural Background

Plaintiff filed its Complaint on March 11, 2019, and then served both Defendant Metro and Defendant Delke on March 18, 2019. (ECF 1; ECF 6; ECF 7). In light of Delke's pending criminal proceedings, Counsel for all parties engaged in early discussions about the potential propriety of a stay as to the claims against Defendant Delke and how discovery from the Metropolitan Government may also affect that prosecution. On April 16, 2019, Counsel met in-person for a Fed. R. Civ. P. 26(f) conference and reached a global agreement in which Plaintiff would not oppose Delke's request to stay so long as Plaintiff and Metro could still engage in limited document production discovery under specified terms. On April 22, 2019, Defendant Metro filed its Answer (ECF 16); in contrast, pursuant to the parties' agreement Delke did not file an Answer. On May 2, 2019, Delke filed his unopposed motion to stay proceedings. (ECF 17). That same day, the parties jointly filed their proposed case management order, detailing their proposal for conducting limited discovery during Delke's stay. (ECF 19).

As set forth in the proposed case management order, the Plaintiff and Metro agreed to stage discovery and proceed with initial disclosures and requests for production pursuant to Fed. R. Civ. P. 34. (ECF 19, Proposed Case Management Order). The parties agreed that depositions and interrogatories between the Plaintiff and Metro were stayed until at least a subsequent case management conference in September 2019. The parties further agreed that the propriety of

2

sending written interrogatories or deposing Metro employees during the pendency of Officer Delke's criminal trial would be addressed at a later time.

On May 13, 2019, Magistrate Judge Holmes conducted the initial case management conference. Magistrate Judge Holmes approved the substance of the parties' proposed case management order, including the plan for limited discovery during Delke's stay, while indicating an intention to modify some of the language in the proposed order.

On May 20, 2019, the District Court granted Delke's motion and stayed the proceedings. (ECF 20). On May 22, 2019, Magistrate Judge Holmes ruled that the previously approved case management order would not be entered because of the global stay. (ECF 21).

### B. Argument

As noted by Judge Crenshaw, the Court has broad discretion to grant a stay. (ECF 20). Since the Court's order noted the unopposed nature of the motion, the Plaintiff feels it necessary to bring to the Court's attention that Officer Delke's motion for a stay would have been opposed by the Plaintiff if it had not been limited to just Officer Delke. Further, Plaintiff opposes any global stay being entered and, if the Court is contemplating entering such a stay, would request the opportunity to fully brief the issue. FRCP 60.

### CONCLUSION

Based on the foregoing, the Plaintiff requests that the Court clarify its Order on the Stay in light of the background provided above. To the extent the Court may deem it appropriate to stay the entire proceeding, the Plaintiff requests the opportunity to fully brief the issue.

Plaintiff's counsel has conferred with counsel for Metro and for Officer Delke, and they do not oppose the Court clarifying its order as to whether the Court intends to stay the case globally.

Respectfully submitted,

*s/ Joy S. Kimbrough*
Joy S. Kimbrough, BPR 025009
5570 Knob Road,
Nashville, TN 37209
T: (615) 512-0933 / F: (615) 953-7715
E: joykimbrough@gmail.com

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
414 Union Street, Suite 900
Nashville, TN 37219
T: (615) 982-8002 / F: (615) 229-6387
E: kyle@mothersheadlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 24, 2019**, the Plaintiff's **Unopposed Motion to Clarify the Court's Order on the Stay of Proceedings** was filed electronically with the Court's electronic filing system. A copy of this filing will be served electronically on each counsel of record, including: Melissa Roberge, Allison Bussell, and Keli Oliver, Counsels for Defendant Metro, at Melissa.roberge@nashville.gov, Allison.bussell@nashville.gov, and keli.oliver@nashville.gov; and Kristin Berexa and John M.L. Brown, counsels for Defendant Delke, at kristin.berexa@farrar-bates.com and johnmlbrown@aol.com.

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953