IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ESTATE OF DANIEL HAMBRICK, ex rel VICKIE HAMBRICK, <br><br>*Plaintiff*, <br><br>v. <br><br>METROPOLITAN GOVERNMENT OF NASHVILLE-DAVIDSON COUNTY, TENNESSEE, <br><br>And <br><br>ANDREW DELKE <br><br>*Defendants*. | Civil Action No: 3:19-cv-0216 <br><br>Judge Crenshaw <br><br>Magistrate Judge Holmes <br><br>JURY DEMAND |

## INITIAL CASE MANAGEMENT ORDER

An initial case management conference was held on May 13, 2019. Counsel appearing were: Kyle Mothershead for Plaintiff; Keli Oliver and Melissa Roberge for Defendant Metropolitan Government of Nashville-Davidson County; and, John M.L. Brown for Defendant Andrew Delke. From the proposed initial case management order submitted by the parties (Docket No. 19) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted.

A. **JURISDICTION**: The court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and the state claim pursuant to 28 U.S.C. § 1367.

B. **BRIEF THEORIES OF THE PARTIES**:

   **For Plaintiff**:

   Plaintiff submits that Defendant Delke murdered Mr. Daniel Hambrick by intentionally fatally shooting him without a lawful justification. Plaintiff submits that at the time of the homicide Delke was operating under color of law as a Metro Nashville Police Officer, and that Delke is liable under 42 U.S.C. § 1983 for violating Mr. Hambrick's Fourth

1

Amendment Constitutional rights. Plaintiff further submits that by killing Hambrick, Delke committed the Tennessee tort of wrongful death. Plaintiff submits that Plaintiff is entitled to nominal, compensatory, and punitive damages against Delke, as well as litigation costs and attorney's fees under 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

Plaintiff further submits that under 42 U.S.C. § 1983, Defendant Metro is liable for Delke's violation of Mr. Hambrick's Fourth Amendment rights because Metro's training, supervision, *de jure* policies, and *de facto* policies caused Delke to murder Mr. Hambrick. Plaintiff further submits that Plaintiff is entitled to nominal and compensatory damages against Metro, as well as litigation costs and attorney's fees under 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

**For Defendant Metropolitan Government**:

The Metropolitan Government disputes liability in this case. The Metropolitan Government did not act with deliberate indifference in its training or supervision of Officer Andrew Delke. Moreover, there is no pattern of relevant unconstitutional acts that would have put the Metropolitan Government on notice that its training and supervision policies and practices were constitutionally deficient and likely to lead to constitutional violations.

In addition, as contemplated by the MOU with the TBI, MNPD suspended its administrative investigation of this matter because criminal charges were brought against Officer Delke. The criminal case against Officer Delke has not been finally resolved, and in fact, no trial date has been set. MNPD's administrative investigation into the incident that is the subject of this Complaint cannot reasonably move forward until that occurs. As a result, while there are grounds for the Metropolitan Government to allege that no agent of the Metropolitan Government committed any act or omission that constitutes a violation of Daniel Hambrick's constitutional rights, the Metropolitan Government reserves the right to amend its defenses as the evidence develops further.

C. **ISSUES RESOLVED**: Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE**:
   1. Liability
   2. Damages

E. **INITIAL DISCLOSURES**: Plaintiff and Defendant Metro shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **June 14, 2019**, and on a rolling basis as available up until that time. The initial disclosures must include copies (not descriptions) of responsive documents. Defendant Delke's initial disclosures are RESERVED pursuant to the stay in this case pending the further orders of the Court, due to Delke's pending criminal charges.[1]

---

[1] Throughout this order, the phrase "Delke's pending criminal charges" is used to refer to Davidson County, Tennessee Criminal Court Case No. 2019-A-26.

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS**: The parties must make a minimum of two independent, substantive attempts to resolve this case. The parties may mediate by agreement without the need of further order unless referral for a pro bono mediation is requested. The scheduling of mediation must not require the extension of any case management deadline. The mediation must be completed by the dispositive motion deadline. Any request of the parties for a judicial settlement conference must state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. All other details of the case resolution plan are RESERVED; however, the parties are strongly encouraged to attempt to resolve this case. The parties' compliance with the case resolution plan, including any subsequent details, is not optional.

**G. DISCOVERY**:
1. Discovery between the Plaintiff and Defendant Delke is stayed pending further orders of the Court, due to Delke's pending criminal charges.
2. Plaintiff and Defendant Metro may immediately begin exchanging requests for production pursuant to Fed. R. Civ. P. 34. However, pending further orders of the Court, due to Defendant Delke's pending criminal charges, neither party need produce any records where such production would infringe Delke's constitutional right against self-incrimination. Any dispute regarding that issue will be resolved in accordance with the discovery dispute resolution procedures below.
3. Fed. R. Civ. P. Rule 30, 31, and 33 Depositions and Interrogatories between Plaintiff and Defendant Metro are temporarily stayed pending further orders of the Court. The Court shall revisit this issue at the subsequent case management conference scheduled below. At that conference the Court will consider whether and to what extent depositions and/or interrogatories between Plaintiff and Metro will be permitted prior to the conclusion of Defendant Delke's pending criminal charges.
4. Pending further orders of the court, at this point the deadline for completion of fact discovery is RESERVED given the partial stay until Defendant Delke's pending criminal charges are resolved.
5. A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the discretion of the Magistrate Judge whether to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the affected parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that

3

lead counsel for every affected party held the required telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

**H. MOTIONS TO AMEND OR TO ADD PARTIES**: The deadline for motions to amend or to add parties is RESERVED.

**I. EXPERT DISCLOSURES AND DEPOSITIONS**: The schedule for expert disclosures and depositions is RESERVED.

**J. DISPOSITIVE MOTIONS**: The dispositive motion schedule is RESERVED.

**K. ELECTRONIC DISCOVERY**: The parties have agreed to the following procedures regarding Electronic Discovery.

1. Defendant Metro has already notified the following employees of the need to preserve ESI for this case, and preservation steps have been taken:
    i. Steve Anderson, Debbie Savage, Mike Hagar, Brian Johnson, Kathy Morante, Chris Gilder, Keith Stephens, Jason Sharpe, Taylor Schmitz, Blaine Whited, Andrew Grega, Charles Rutzky, Jason Tolbert, Andrew Delke, Don Aaron, John Singleton, Elizabeth Fleming, Keith Durbin; and Dawn Clark
2. Defendant Metro agrees to notify any other relevant Metro employees of the need to preserve ESI, and agrees to specify supplemental, relevant categories of records to previously notified employees as being subject to the litigation hold, as reasonably requested by Plaintiff.
3. If Metro employees who have been identified as witnesses in Rule 26(a) disclosures are terminated from Metro employment for any reason, Metro will notify the relevant department to preserve any ESI related to such former employee(s), including the employee's email records.
4. If a party requests production of Metro or Metro employee emails, Metro will have its Information Technology staff retrieve emails encompassed by the relevant search terms for delivery to Counsel for Metro. In other words, employees whose emails are subject to search will not conduct the search/retrieval of their own emails.
5. All ESI documents will be produced in PDF format where possible. Spreadsheets and databases should be produced in the digital format in which they are maintained in the ordinary course of business (e.g. Excel, Access), and need not be converted to PDF prior to production.
6. The parties hereby adopt the "Privilege" section of Administrative Order 174-1.

4

7. Any agreement between the parties to address other topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.
8. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

**L. PROTECTIVE ORDER:** Upon the agreement of the parties, pending further orders of the Court, due to Defendant Delke's pending criminal charges, in order to protect Delke's right to a fair criminal trial, Counsel for all parties, and the parties themselves, are hereby prohibited from publicly re-disclosing any records produced by Metro in this case. Counsel may only disclose such records to the following parties, and only after advising them in writing that they are prohibited from re-disclosing the records: a party's employee(s), a party's administrative staff, or prospective or retained experts, advisors, or other consultants whose duties or potential duties relate to this case (hereinafter, "Authorized Recipients"). Upon the further agreement of the parties, pending further orders of the Court, Parties and Counsel are also prohibited from speaking about, writing about, or publicizing in any manner any information derived from discovery produced in this case in any manner except to the Authorized Recipients listed above or to the Court as necessary to prosecute or defend the claims in this case.

**M. ATTORNEYS.** Entry of an appearance or otherwise participating as counsel of record is a representation that the attorney will be prepared to conduct the trial of this action, from which an attorney may only be relieved by approval of the Court.

**N. MODIFICATION OF CASE MANAGEMENT ORDER:** Any motion to modify a case management order or any case management deadline must be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**O. SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A subsequent case management conference shall be held on **September 18, 2019 at 2:00 p.m. in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, Tennessee,** to address the status of discovery (including any discovery issues or disputes); the status of

5

Defendant Delke's Davidson County criminal charge; setting deadlines for and otherwise addressing reserved matters; any prospect for settlement (including propriety of ADR); selection of a target trial date (if appropriate); and any other appropriate matters. Prior to the subsequent case management conference, counsel for the parties shall discuss these matters and, by no later than **three (3) business days** before the subsequent case management conference, file a proposed modified case management order and email a copy to Ms. Jeanne Cox, Courtroom Deputy, in Word format.

**P. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: The **JURY** trial of this action is expected to last approximately **14 days**.[2] Selection of a target trial date is RESERVED.

It is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] The parties were also reminded during the case management conference of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.